IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**AMANDA TURNER (SHORT) v. JESSIE LEE SHORT, JR.**

**General Sessions Court for Hardin County**
**No. 7085**

**No. W2013-01417-COA-R3-CV - Filed October 2, 2013**

**OPINION**

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Lloyd Rogers Tatum, Henderson, Tennessee, for the appellant Jessie Lee Short, Jr.

Chadwick G. Hunt, Savannah, Tennessee, for the appellee, Amanda Turner Short.

**MEMORANDUM OPINION[1]**

The Clerk of this Court received the appellate record for this matter on or about August 29, 2013. Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, it appeared to the Court that it does

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

not have jurisdiction. Specifically, it appeared that, although the trial court found that Appellant Jessie Lee Short, Jr. was in willful contempt of the trial court's prior order, the trial court did not establish sanctions or punishment for Appellant's willful contempt.

Thus, by Order entered on September 4, 2013, the Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. We also directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. Our Order also provided that, in the event that Appellant did not obtain entry of a final judgment within the time provided therein, Appellant had fifteen (15) days from the entry of that Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order of September 4, 2013, provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order to Appellant's counsel by certified mail, return receipt requested. The Clerk later received the return receipt indicating that Appellant's counsel received the mail parcel on September 5, 2013. As of this date, however, the Clerk of this Court has not received a supplemental record containing a final judgment and Appellant has not otherwise responded to our Order of September 4, 2013.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Because the order appealed is not a final judgment, this Court does not have jurisdiction of this matter and therefore, we must dismiss this appeal.

### Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Jessie Lee Short, Jr., and the surety for which execution may issue if necessary.

**PER CURIAM**

-2-